IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREEPORT GUARANTY, *also known as* Trust of 4264 Old Rock Cut Road,<br><br>    Plaintiff-Respondent,<br><br>    v.<br><br>TYECE CULLEY, MARLIN CULLEY, *and all others,*<br><br>    Defendants-Petitioners. | CIVIL ACTION FILE NO. 1:14-CV-01945-WSD-GGB<br><br>Removed from Magistrate Court of Clayton County, Georgia<br><br>Case No. 2014CM08843 |

## **FINAL REPORT AND RECOMMENDATION**

## **AND ORDER**

This matter is before the court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by Defendant Tyece Culley (hereinafter "Defendants"). (Doc. 1). Defendants, who are proceeding without counsel, seek to remove this consent judgment and dispossessory action to federal court from the Magistrate Court of Clayton County, Georgia. Defendants ask the court to enjoin the plaintiff from enforcing a consent judgment for past due rent entered in the Magistrate Court of Clayton County and

dispossessory proceeding with regard to property located at 4264 Old Rock Cut Road, Conley, Georgia, 30288 (the "Property").

After consideration by the court of Tyece Culley's affidavit of indigency, Culley's request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because this court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Clayton County, Georgia.

### I.  DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Defendants' notice of removal to determine whether there is a proper basis for removal.  In order for removal to be proper, Defendants must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States.  28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a federal

district court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Defendants' notice of removal does not state the basis upon which they seek to remove this action to federal court. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff, Freeport Guaranty, in the Magistrate Court of Clayton County appears to be a dispossessory action seeking the eviction of the Defendants, and all other occupants, for past due rent, and a consent judgment entered by the court on June 16, 2014, and signed by all parties, including the Defendants. (See Doc. 1-1 at 3, Consent Judgment; Doc. 1-1 at 4, Dispossessory Proceeding). Under the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings and judgment contain a federal question. Defendants may not invoke

3

federal question jurisdiction solely on the basis of a defense or counterclaim based on federal law.  See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. See id.  The pleadings indicate that the plaintiff seeks past due rent and costs of court and/or possession of the premises against the Defendants due to past due rent. According to the consent judgment, the amount in controversy is $1750.00 in past due rent and $97.00 in court costs.  (Doc. 1-1 at 3).  Defendants have failed to show that the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.[1]

Even if this court had subject matter jurisdiction, which it does not, Defendants have not shown that they are entitled to the relief that they seek.

Defendants ask this court (1) to dismiss the consent judgment entered against them in state court for past due rent, and (2) to enjoin the writ of possession for the premises.

---

[1] The civil cover sheet indicates that the plaintiff and defendants are all citizens of Georgia.

(Doc. 1-1 at 2-3). For the following reasons, this court is without jurisdiction to grant the relief that they seek.

Defendants' first request is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983). Under the *Rooker-Feldman* doctrine, federal district courts cannot review, reverse, or invalidate a final state court judgment because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009).

5

To the extent Defendants' motion seeks to enjoin state court eviction proceedings, this court is prohibited from enjoining such proceedings pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283.  That Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  See Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 131-32 (5th Cir. 1990) (finding that Anti-Injunction Act prohibited federal court from issuing a preliminary injunction that interfered with state court foreclosure proceedings pending at the time of the injunction); Ungar v. Mandell, 471 F.2d 1163, 1165 (2d Cir. 1972) (finding that Anti-Injunction Act prohibited a preliminary injunction which would have prevented the sale of property previously the subject of a state foreclosure proceeding).  None of the three exceptions stated in the Anti-Injunction Act is applicable here.  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970) (stating that the Anti-Injunction Act "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").

In addition, under Federal Rule of Civil Procedure 65, the court may not issue a preliminary injunction or a TRO unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to

have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Defendants have not tendered or offered to tender any amount as security for an injunction or a TRO.

## II.  CONCLUSION

Defendants have failed to demonstrate that this court has subject matter jurisdiction over the plaintiff's claim.  In addition, Defendants' petition for removal is procedurally defective.  See 28 U.S.C. § 1446.  Defendants have also failed to show that they are entitled to the equitable relief that they seek.  For the reasons stated, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Clayton County, Georgia.  Tyece Culley's request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

**IT IS SO RECOMMENDED AND ORDERED**, this 1st day of July, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE