IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREEPORT GUARANTY, also
known as TRUST OF 4264 OLD
CUT ROAD,

              Plaintiff,

v.

TYECE CULLEY, MARLIN
CULLEY, and ALL OTHER
OCCUPANTS,

              Defendants.

1:14-cv-01945-WSD

## ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Clayton County, Georgia.

## I.   BACKGROUND

On May 29, 2014, Freeport Guaranty ("Plaintiff") initiated a dispossessory proceeding against its tenants, Tyece Culley and Marlin Culley ("Defendants") in the Magistrate Court of Clayton County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendants, past due rent and fees.

---

[1] No. 2014CM08843

On June 16, 2014, the Magistrate Court of Clayton County entered a Consent Judgment, signed by the parties, including Defendants. [1.1 at 3]. The Consent Judgment states that Plaintiff is entitled to recover $1,847.83 and possession of the premises currently occupied by Defendants.

On June 20, 2014, Defendants, proceeding *pro se*, removed the Clayton County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. In their Notice of Removal, Defendants do not assert a basis for federal jurisdiction. Defendants state that they "want the judgment for rent money to be dismissed, or at least to take into consideration [their] expenses because [they] have endure [sic] a lot of pain and suffering since [they] moved in due to the negligence of the owner," including allegedly uninhabitable living conditions. [1.1 at 2].

On July 2, 2014, Magistrate Judge Brill granted Defendants' application to proceed IFP. Judge Brill also considered *sua sponte* the question of subject matter jurisdiction and recommends that the Court remand this case to the Magistrate Court of Clayton County.

Judge Brill found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which does not present a federal question. Judge Brill concluded that the Court does not have federal question jurisdiction over this

matter. Judge Brill also found that Plaintiff and Defendants are all citizens of Georgia, as Defendants indicated on their Civil Cover Sheet, and that the amount in controversy does not exceed the $75,000 jurisdictional threshold. Judge Brill concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.     Analysis

Defendants do not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question, and that the parties are not diverse. The Court does not find any error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that Plaintiff and Defendants are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue, and, accordingly, the removing [d]efendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks federal question or diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any

4

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.  This action is **REMANDED** to the Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this  14th   day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court also agrees with Judge Brill's conclusion that, even if subject matter jurisdiction existed, which it does not, the Court is unable to grant Defendants the relief they seek—dismissal of the Consent Judgment—because federal courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)); see also Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (federal district courts cannot review, reverse or invalidate a final state court judgment because "that task is reserved for state appellate courts or, as the last resort, the United States Supreme Court.").